**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LUIS MANUEL RODRIGUEZ DEL GALDILLO,<br><br>             Petitioner,<br><br>    v.<br><br>DHS,<br><br>             Respondent. | No. EDCV 21-724-JGB (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

    For the reasons discussed below, the Court orders Petitioner to show cause, if there be any, in writing on or before **June 3, 2022**, why this action should not be dismissed without prejudice for failure to prosecute and/or comply with a court order.

    In this habeas action, the District Court issued an order granting in part the Petition for Writ of Habeas Corpus and requiring Respondent to provide Petitioner a bond hearing with the requisite procedural protections within 30 days after entry of the order or release him. (Order, Dkt. No. 6.) Respondent subsequently filed status reports. (Dkt. Nos. 7, 11.) Following continuances sought by Petitioner, an immigration judge held a bond hearing and declined to order release on bond. (Dkt. Nos. 11, 11-1.)

On April 26, 2022, the District Court issued an Order re Transfer under which re-assignment of the case to a different judicial officer was declined as not related.  (Dkt. No. 12.)

The Court's mail has been returned as undeliverable by the postal service with a notation that Petitioner is not in custody.  (Dkt. No. 13, filed 5/12/22.)  Petitioner has not filed a notice of change of address.

It is well established that a district court has the authority to dismiss an action because of his failure to prosecute or comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with order of court); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (district may dismiss action for failure to prosecute after mail is returned by postal service as undeliverable).

Plaintiff advised that:  "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."  Local Rule 41-6.

Accordingly, IT IS ORDERED that, on or before **June 3, 2022**, Plaintiff shall show good cause, if there be any, in writing why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.

***If Plaintiff does not timely file a response to this Order to Show Cause or otherwise respond to this Order to Show Cause on or before June 3, 2022, the action is subject to dismissal without prejudice for plaintiff's failure to prosecute and/or failure to comply with a court order.***  *See Link v. Wabash R.R.*, 370 U.S. 626,

629-30 (1962).  Filing a notice of change of address by June 3, 2022 shall discharge this order to show cause.

DATED: May 16, 2022

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE